_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
           COUNSEL/PARTIES OF RECORD

FEB 2 0 2020

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
ELHAM ROOHANI
Nevada Bar No. 12080
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Email: elham.roohani@usdoj.gov
*Attorney for the United States of America*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

       Plaintiff,

       v.

ANDRES RAFAEL VIOLA,

       Defendant.

Case No.

**Plea Agreement for Defendant
Andres Rafael Viola Pursuant to Fed. R. Crim.
P. 11(c)(1)(A) and (B)**

This plea agreement between Andres Rafael Viola ("defendant") and the United States Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement regarding the criminal charges referenced herein and the applicable sentences, and fines, restitution, and forfeiture in the above-captioned case. This agreement binds only defendant and the USAO and does not bind the district court, the U.S. Probation Office, or any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not prohibit the USAO or any agency or third party from seeking any other civil or administrative remedies, including civil forfeiture *in rem,* directly or indirectly against defendant or defendant's property.

This agreement becomes effective upon signature by defendant, defendant's counsel, and an Assistant United States Attorney.

## I. DEFENDANT'S OBLIGATIONS

1.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a two count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a) (Count 1); and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 2);

b.   Stipulate to the facts agreed to in this agreement;

c.   Abide by all agreements regarding sentencing contained in this agreement;

d.   Not seek to withdraw defendant's guilty pleas once they are entered;

e.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

f.   Not commit any federal, state, or local crime;

g.   Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

h.   Before and after sentencing, upon request by the Court, the USAO, or the Probation Office, provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning defendant's assets and defendant's ability to pay. As part of the required disclosure, defendant agrees to provide any and all financial information and authorizations requested by the Probation Office for preparation of the Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is

2

1   authorized to obtain defendant's credit report. Defendant will also complete a financial form

2   provided by the USAO, to include all supporting documentation, and return it to the USAO

3   within three (3) weeks from entry of the plea. Defendant agrees that the district court may enter

4   any order necessary to effectuate or facilitate disclosure of defendant's financial information.

5          i.      To facilitate payment of any fine, forfeiture, restitution, or assessment,

6   surrender assets defendant obtained directly or indirectly as a result of defendant's crimes.

7   Defendant agrees to voluntarily release funds and property under defendant's control or in which

8   defendant has any property interest, before and after sentencing, to pay any fine or restitution

9   identified in this agreement, agreed to by the parties, or ordered by the Court.

10         j.      Defendant agrees that restitution shall be ordered due and payable in full

11  immediately after the judgment is entered, and that the full amount of any restitution ordered is

12  subject to immediate enforcement and collection by the USAO or defendant's victims, or both.

13  Defendant agrees that any schedule of payments entered by the district court is a schedule of the

14  minimum payment due and does not prohibit or limit the methods by which the USAO may

15  immediately enforce and collect the judgment in full. Defendant acknowledges that restitution

16  may not be discharged, in whole or in part, in any present or future bankruptcy proceeding.

17         k.      The USAO and defendant stipulate and agree that the child pornography

18  images received, distributed, or possessed by defendant depicted images of victims being sexually

19  abused and further agree that a victim's knowledge that images of his or her abuse is being

20  disseminated and possessed by other caused certain victims to be re-victimized and has resulted

21  in harm that is distinct from that suffered from the actual contact physical sexual abuse, thus

22  such victims are harmed by the actions of defendant. In consequence of these factors, if the

23  USAO meets its burden under 18 U.S.C. Section 2259 and pursuant to *Paroline v. United States*,

24  134 S. Ct. 1710 (2014), defendant agrees to pay restitution in the amount of $5,000 per victim,

3

for any victim who may be identified through the Child Victim Identification Program (CVIP) or Child Recognition Identification System (CRIS) and who requests restitution prior to sentencing. Defendant agrees to pay this amount without requiring the USAO to disaggregate the loss attributed to the original sexual abuse or to other persons who disseminated, received, or possessed the child pornography images, from defendant's actions in this case.

In addition, defendant acknowledges that the conduct to which he is entering a plea is gives rise to mandatory restitution to VICTIM 1 under 18 U.S.C. § 2259. Defendant agrees that for the purpose of assessing such restitution, the Court may consider losses derived from the counts of conviction as well as losses caused from dismissed counts and uncharged conduct in which the defendant has been involved. The United States will prove the "full amount of the victim's losses" reasonably calculated and foreseeable to Defendant's actions at the time of sentencing.

1.   Agree to and not oppose the imposition of the following special conditions of supervised release:

i.   Mental Health Treatment – You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program.

ii.   Substance Abuse Treatment – You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program.

iii.   Drug Testing – You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed 104 tests per year.

1   You must not attempt to obstruct or tamper with the testing methods. You must pay the costs of

2   the testing.

3                   iv.      Sex Offender Treatment – You must participate in a sex offense-

4   specific treatment program, and follow the rules and regulations of that program. The probation

5   officer will supervise your participation in the program (provider, location, modality, duration,

6   intensity, etc.). You must pay the costs of the program.

7                   v.      Polygraph Testing – You must submit to periodic polygraph testing

8   at the discretion of the probation officer as a means to ensure that you are in compliance with the

9   requirements of your supervision or treatment programs.

10                  vi.      No Pornography – You must not view or possess any "visual

11  depiction" (as defined in 18 U.S.C. § 2256(5)), or any photograph, film, video, picture, or

12  computer or computer-generated image or picture, whether made or produced by electronic,

13  mechanical, or other means, of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2))

14  involving children , or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1))

15  involving adults, that would compromise your sex offense-specific treatment. These restrictions

16  do not apply to materials necessary to, and used for, any future appeals, or materials prepared or

17  used for the purposes of sex-offender treatment.

18                  vii.      No Pornography – Treatment – You must not view or possess any

19  "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video,

20  picture, or computer or computer-generated image or picture, whether made or produced by

21  electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. §

22  2256), that would compromise your sex offense-specific treatment.

23

24

viii.    Computer Monitoring – You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use.

ix.    Computer Search – Monitoring Software – To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct periodic, unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

x.    Employment Restriction – You must not engage in an occupation, business, or profession, or volunteer activity that would require or enable you to be in foreseeable proximity of minors under the age of 18 without the prior approval of the probation officer.

xi.    Employment Restriction – You must not engage in an occupation, business, or profession, or volunteer activity that would require or enable you to use a computer (as defined in 18 U.S.C. § 1030(e)(1)) without the prior approval of the probation officer.

xii.    Minor Prohibition – You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the

1    probation officer within 24 hours. Direct contact includes written communication, in-person

2    communication, or physical contact. Direct contact does not include incidental contact during

3    ordinary daily activities in public places.

4                      xiii.    Place Restriction – Children Under 18 – You must not go to, or

5    remain at, any place that primarily caters to children under the age of 18, including parks,

6    schools, playgrounds, and childcare facilities.

7                      xiv.    Place Restriction – Children Under 18 – You must not go to, or

8    remain at, any place for the primary purpose of observing or contacting children under the age of

9    18.

10                      xv.    Search and Seizure – You must submit your person, property,

11   house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other

12   electronic communications or data storage devices or media, or office, to a search conducted by

13   a United States Probation Officer. Failure to submit to a search may be grounds for revocation of

14   release. You must warn any other occupants that the premises may be subject to searches

15   pursuant to this condition. The probation officer may conduct a search under this condition only

16   when reasonable suspicion exists that you have violated a condition of supervision and that the

17   areas to be searched contain evidence of this violation. Any search must be conducted at a

18   reasonable time and in a reasonable manner.

19                  m.    The forfeiture of the property and the imposition of the forfeiture of the

20   property as set forth in this Plea Agreement and the Forfeiture Allegation of the Criminal

21   Information.

22                      **II. THE USAO'S OBLIGATIONS**

23       2.    The USAO agrees to:

24            a.    Stipulate to facts agreed to in this agreement;

b.      Abide by all agreements regarding sentencing contained in this agreement;

c.      At sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1, and move for an additional one-level reduction if available under that section;

d.      Not bring any additional charges against defendant arising out of the investigation in the District of Nevada which culminated in this agreement and based on conduct known to the USAO. However, the USAO reserves the right to prosecute defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371). Defendant agrees that the district court at sentencing may consider any uncharged conduct in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

### III. ELEMENTS OF THE OFFENSES

3.      <u>Count One</u>: The elements of Sexual Exploitation of Children under 18 U.S.C. § 2251(a) are as follows:

<u>First</u>:      at the time, [VICTIM] was under the age of eighteen years;

<u>Second</u>:      the defendant, employed, used, persuaded, or coerced [VICTIM] to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

<u>Third</u>:      the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate commerce by any means, including by computer.

*See* Ninth Circuit Model Criminal Jury Instruction 8.181 (2010 ed.); 18 U.S.C. § 2251(a).

1.    <u>Count Two</u>: The elements of Possession of Child Pornography under 18 U.S.C. § 2252A(a)(5)(B) are as follows:

<u>First</u>:        that the defendant knowingly possessed matters that the defendant knew contained visual depictions of minons engaged in sexually explicit conduct;

<u>Second</u>:   the defendant knew each visual depiction contained in the matters was of minors engaged in sexually explicit conduct; and

<u>Third</u>:      the defendant knew that production of such visual depictions involved use of a minor in sexually explicit conduct;

<u>Fourth</u>:    that each visual depiction had been mailed, shipped, or transported using any means or facility of interstate commerce.

*See* Ninth Circuit Model Criminal Jury Instruction 8.185 (2010 ed.); 18 U.S.C. § 2252A.

## IV. CONSEQUENCES OF CONVICTION

2.    <u>Maximum and Minimum Statutory Penalties</u>:

a.    Defendant understands that the statutory maximum sentence the district court can impose for his violation of Sexual Exploitation of Children as charged in Count 1, is: 30 years imprisonment; a lifetime supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $100. The statutory mandatory minimum sentence for Sexual Exploitation of Children under 18 U.S.C. § 2251(a) and (e) is a 15-year prison sentence.

b.    Defendant understands that the statutory maximum sentence the district court can impose for each violation of Possession of Child Pornography as charged in Count 2, is: 20 years imprisonment; a lifetime supervised release; a fine of $250,000 or twice the gross gain

1    or gross loss resulting from the offenses, whichever is greatest; and a mandatory special

2    assessment of $100.

3          c.      Defendant understands, therefore, that the total maximum sentence for all

4    offenses to which defendant is pleading guilty is: 50 years imprisonment; a lifetime period of

5    supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the

6    offenses, whichever is greatest; and a mandatory special assessment of $200.

7          d.      Defendant understands that, pursuant to the Justice for Victims of

8    Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment per

9    count if the Court concludes that defendant is a non-indigent person, to be paid after defendant's

10    other financial obligations have been satisfied.

11          e.      Criminal Forfeiture: Defendant understands that the district court will

12    impose forfeiture of the property.

13          f.      Defendant understands and agrees that under the Sex Offender

14    Registration and Notification Act ("SORNA"), 34 U.S.C. 20901 et. seq., defendant must register

15    as a sex offender and keep the registration current in each of the following jurisdictions: (1)

16    where defendant resides; (2) where defendant is an employee; and (3) where defendant is a

17    student. Defendant understands that he must comply with all the registration requirements

18    contained in SORNA. 42 U.S.C. § 16901 et. seq. Defendant further understands that the

19    requirements for registration include, but are not limited to, providing defendant's name,

20    residence address, and the names and addresses of any places where defendant is or will be an

21    employee or a student.

22       Defendant further understands that the requirement to keep the registration current

23    includes, but is not limited to, informing at least one jurisdiction in which defendant resides, is

24    an employee, or is a student no later than three business days after any change of defendant's

1   name, residence, employment, or student status. Defendant has been advised, and understands,

2   that failure to comply with these obligations subjects defendant to an additional prosecution for

3   failure to register as a sex offender under 18 U.S.C. § 2250(a).

4       3.   Parole Abolished: Defendant acknowledges that defendant's prison sentence

5   cannot be shortened by early release on parole because parole has been abolished.

6       4.   Supervised Release: Defendant understands that supervised release is a period of

7   time following imprisonment during which defendant will be subject to various restrictions and

8   requirements. Defendant understands that if defendant violates one or more of the conditions of

9   any supervised release imposed, defendant may be returned to prison for all or part of the term of

10  supervised release authorized by statute for the offenses that resulted in the term of supervised

11  release.

12      5.   Factors under 18 U.S.C. § 3553: Defendant understands that the district court

13  must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence.

14  However, the statutory maximum sentence and any statutory minimum sentence limit the

15  district court's discretion in determining defendant's sentence.

16      6.   Potential Collateral Consequences of Conviction: Defendant understands that, by

17  pleading guilty, defendant may be giving up valuable government benefits and valuable civic

18  rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the

19  right to serve on a jury. Defendant understands that once the district court accepts defendant's

20  guilty pleas, it will be a federal felony for defendant to possess a firearm or ammunition.

21  Defendant understands that the conviction in this case may also subject defendant to various

22  other collateral consequences, including but not limited to revocation of probation, parole, or

23  supervised release in another case and suspension or revocation of a professional license.

24

1    Defendant understands that unanticipated collateral consequences will not serve as grounds to

2    withdraw defendant's guilty pleas.

3        7.      Potential Removal/Deportation Consequences of Conviction: Defendant

4    understands that, if defendant is not a United States citizen, the felony conviction in this case

5    may subject defendant to removal, also known as deportation, which may, under some

6    circumstances, be mandatory; denial of citizenship; and denial of admission to the United States

7    in the future. The district court cannot, and defendant's attorney also may not be able to, advise

8    defendant fully regarding the immigration consequences of the felony conviction in this case.

9    Defendant understands that unexpected immigration consequences will not serve as grounds to

10    withdraw defendant's guilty pleas.

11                  **V. FACTUAL BASIS**

12        8.      Defendant admits that defendant is, in fact, guilty of the offenses to which

13    defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to

14    trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable

15    doubt and establish its right to forfeit the specified property by preponderance of the evidence.

16    Defendant further acknowledges that defendant's admissions and declarations of fact set forth

17    below satisfy every element of the charged offenses. Defendant waives any potential future claim

18    that the facts defendant admitted below are insufficient to satisfy the elements of the charged

19    offenses. Defendant admits and declares under penalty of perjury that the facts set forth below

20    are true and correct:

21       In May 2019, Yahoo, Inc. reported to the National Center for Missing and Exploited

22    Children that one of its users received 14 images of child pornography on Yahoo's servers. That

23    Yahoo user resided in Syria and received the images from Andres Rafael Viola who was using

24    the darkweb Tor network to distribute images of child pornography. TorChat is used to

1   anonymize chat messages between users. Viola and the Syrian Yahoo user used it to anonymize

2   their trading of child pornography with one another.

3         The images Viola sent to the Syrian user depicted Viola raping a minor female child who

4   was approximately seven-years-old, known herein as VICTIM 1. From the photos, it was

5   apparent that Viola was the person taking the photos with a cell phone camera, and that the

6   photos had been taken on various dates in multiple locations within the same home. The images

7   depicted Viola vaginally and anally penetrating VICTIM 1 with his erect penis.

8         On June 7, 2019, Homeland Security special agents arrested Viola at his home in Las

9   Vegas, Nevada. Law enforcement determined that Viola had supervisory control over VICTIM 1

10   at all relevant times. Agents seized multiple devices from Viola's home including two cell phones

11   Viola had on his person. Valid search warrants for the devices found in the house and on Viola

12   and the subsequent forensic examinations revealed extensive evidence of Viola's sexual

13   exploitation of VICTIM 1. The forensic examination also revealed a curated collection of child

14   pornography from other known victims. Specifically, the forensics recovered images matching

15   the images Yahoo reported, and 333 additional child pornography images and one video.

16         The video found on Viola's phone depicts Viola vaginally raping VICTIM 1 and asking

17   her whether he should ejaculate inside her vagina. This video was created using Viola's phone at

18   Viola's home in Las Vegas, Nevada. The examination showed that Viola had created all images

19   and videos of his sexual exploitation of VICTIM 1 from his Samsung cell phone and other

20   devices manufactured outside the state of Nevada. Dates and times on the images and videos

21   showed that Viola had groomed and raped the child on multiple occasions over the course of

22   years. Evidence showed that Viola had used the darkweb to distribute, trade, and share the

23   images of his sexual exploitation of VICTIM 1.

24

# VI. SENTENCING FACTORS

9.   <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

10.   <u>Offense Level Calculations</u>: The parties jointly agree and stipulate that, in calculating Defendant's advisory guidelines sentencing range, the Court should use the following base offense level and adjustments; acknowledge that these stipulations do not bind the district court; and agree that they will not seek to apply or advocate for the use of any other base offense level(s) or any other specific offense characteristics, enhancements, or reductions in calculating the advisory guidelines range:

**Group 1:**
<u>Count 1: Sexual Exploitation of Children</u>
Base Offense Level, U.S.S.G. § 2G2.1(a):                          32

**Enhancements**:
U.S.S.G. § 2G2.1(b)(1)(A)
Minor under 12 years old                                               +4

U.S.S.G. § 2G2.1(b)(2)(B)
Commission of a Sexual Act                                           +4

U.S.S.G. § 2G2.1(b)(3)
Knowing Distribution                                                    +2

U.S.S.G. § 2G2.1(b)(4)
Sadistic or Masochistic Conduct                                   +4

14

U.S.S.G. § 2G2.1(b)(5)
Supervisory Control                              +2

**Total Offense Level**                          **48**

<u>Group 2:</u>
    <u>Count 2: Possession of Child Pornography</u>
    Base Offense Level, U.S.S.G. § 2G2.2(a)(1)       18

    **Enhancements**:
    U.S.S.G. § 2G2.2(b)(2)
    Prepubescent Minor                            +2

    U.S.S.G. § 2G2.2(b)(3)(F)
    Distribution for Valuable Consideration       +5

    U.S.S.G. § 2G2.2(b)(4)
    Sadistic or Masochistic                       +4

    U.S.S.G. § 2G2.2(b)(5)
    Pattern of Activity                           +5

    U.S.S.G. § 2G2.2(b)(6)
    Use of a Computer                             +2

    U.S.S.G. § 2G2.2(b)(7)(C)
    Number of images                              +4

    **Total Offense Level**                       **42**

**Multiple Count Adjustment:**

| Group/Count | Adjusted Offense Level | Units |
| --- | --- | --- |
| Group 1, Count 1 | 48 | 1.0 |
| Group 2, Counts 2 | 42 | 0.5 |

**Total Number of Units**:          1

**Greater of the Adjusted Offense Levels:**       48
**Increase in Offense Level:**                    1
**Combined Adjusted Offense Level:**              49

**Chapter Four Enhancement**
U.S.S.G. § 4B1.5(b)(1)                            +5

**Reductions:**
Contingent Reduction for

| | |
|---|---|
| Acceptance of Responsibility<br>USSG §3E1.1(a): | -2 |
| Contingent Reduction for<br>Acceptance of Responsibility<br>USSG §3E1.1(b): | -1 |
| **Total Adjusted Offense Level:** | **51** |
| **Reduced Under Chapter 5, Part A (Application Note 2)** | **43** |

11.    <u>Career Offender</u>: Defendant understands that defendant's offense level could be increased if defendant is a career offender under USSG §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

12.    <u>Reduction for Acceptance of Responsibility</u>: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty pleas when defendant enters the pleas; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty pleas; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty pleas; (d) provides false or misleading information to the USAO, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offenses or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offenses; (f) attempts to withdraw defendant's guilty pleas; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), if the district court determines that defendant's total offense level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level downward adjustment pursuant to the preceding paragraph, the USAO will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing

16

1   because defendant communicated defendant's decision to plead guilty in a timely manner that

2   enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

3       13.   <u>Criminal History Category</u>. Defendant acknowledges that the district court may

4   base defendant's sentence in part on defendant's criminal record or criminal history. The district

5   court will determine defendant's criminal history category under the sentencing guidelines.

6       14.   <u>Additional Sentencing Information</u>: The stipulated sentencing guidelines

7   calculations are based on information now known to the parties. Defendant understands that

8   both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying

9   relevant information to the U.S. Probation and Pretrial Services Offices and the district court

10  regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or

11  mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the

12  district court's sentencing guidelines calculations and determination of sentence. While this

13  paragraph permits both the USAO and defendant to submit full and complete factual

14  information to the U.S. Probation and Pretrial Services Offices and the district court, even if that

15  factual information may be viewed as inconsistent with the facts agreed to in this agreement, this

16  paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed

17  to in this agreement. Good faith efforts to provide truthful information or to correct factual

18  misstatements shall not be grounds for defendant to withdraw defendant's guilty pleas.

19      Defendant acknowledges that the U.S. Probation Office may calculate the sentencing

20  guidelines differently and may rely on additional information it obtains through its investigation.

21  Defendant also acknowledges that the district court may rely on this and other additional

22  information as it calculates the sentencing guidelines range and makes other sentencing

23  determinations, and the district court's reliance on such information shall not be grounds for

24  defendant to withdraw defendant's guilty pleas.

## VII. POSITIONS REGARDING SENTENCING

15.     The parties will jointly recommend that the district court sentence defendant to a 420-month term of imprisonment. In the event that a sentence of 420 months is outside defendant's advisory Guideline range as determined by the district court, the parties will jointly request a variance to 420 months. In agreeing to this sentencing recommendation, the parties have taken into consideration all of the factors set forth in 18 U.S.C. § 3553(a) and conclude that a sentence of 420 months is a reasonable sentence. The parties will jointly recommend that the district court impose a lifetime term of supervised release. The parties further will jointly recommend that the defendant be given credit for the time he has been in State Custody starting from the date of his arrest to the date of any release on his own recognizance from state custody. Credit should be calculated through the date the state releases the defendant from custody on his own recognizance, and credit must be accounted under a variance. The parties will also recommend that the sentence imposed in this case run concurrent with defendant's sentence in State of Nevada case number C-19-345562-1.

16.     Defendant acknowledges that the district court does not have to follow the recommendation of either party.

17.     Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

18.     If defendant commits any act that results in the Court finding that defendant is not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a). In any such event, Defendant remains bound by the provisions of this agreement and shall not have the right to withdraw defendant's guilty pleas.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

19.     Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.     The right to persist in a plea of not guilty;

        b.     The right to a speedy and public trial by jury;

        c.     The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

        d.     The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

        e.     The right to confront and cross-examine witnesses against defendant;

        f.     The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

        g.     The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

        h.     The right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and any other pretrial motions that have been filed or could be filed.

        i.     Understanding that the investigating agency has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the agency may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

# IX. WAIVER OF APPELLATE RIGHTS

20.     Waiver of Appellate Rights. Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the district court; (b) the right to appeal the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction, including but not limited to the constitutionality of the statutes of conviction; any other aspect of the sentence; and any order of restitution or forfeiture.

21.     Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or variance from the applicable Sentencing Guideline range as determined by the district court.

22.     Waiver of Post-Conviction Rights. Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

23.     Preservation of Evidence: Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

# X. FORFEITURE

24.     The defendant knowingly and voluntarily:

      a.     Agrees to the district court imposing the civil judicial forfeiture or the criminal forfeiture of:

          i.     Samsung Chromebook, Model XE500C12, S/N OGX591LG506256T;

1          ii.      Samsung Galaxy S9 Plus 128 GB, Model SM-G965U, S/N

2    R38K60KDFAP, IMEI 354649091346938;

3          iii.     Dell Latitude Laptop, Model 7480, S/N 3XYX9H2; and

4          iv.      SanDisk 512 SSD Mini SATA Card, Model X400M, S/N

5    171101421467

6    (all of which constitutes property);

7          b.      Agrees to the abandonment, the civil administrative forfeiture, the civil

8    judicial forfeiture, or the criminal forfeiture of the property;

9          c.      Abandons or forfeits the property to the United States;

10         d.      Relinquishes all possessory rights, ownership rights, and all rights, titles,

11   and interests in the property;

12         e.      Waives defendant's right to any abandonment proceedings, any civil

13   administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal

14   forfeiture proceedings of the property (proceedings);

15         f.      Waives service of process of any and all documents filed in this action or

16   any proceedings concerning the property arising from the facts and circumstances of this case;

17         g.      Waives any further notice to defendant, defendant's agents, or defendant's

18   attorney regarding the abandonment or the forfeiture and disposition of the property;

19         h.      Agrees not to file any claim, answer, petition, or other documents in any

20   proceedings concerning the property; agrees not to contest, or to assist any other person or entity

21   in contesting, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, or

22   other documents in any proceedings;

23         i.      Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim.

24   P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging

1  document, the court advising defendant of the forfeiture at the change of plea, the court having a

2  forfeiture hearing, the court making factual findings regarding the forfeiture, the court failing to

3  announce the forfeiture at sentencing, and all constitutional requirements, including but not

4  limited to, the constitutional due process requirements of any proceedings concerning the

5  property;

6      j.  Waives defendant's right to a jury trial on the forfeiture of the property;

7      k.  Waives all constitutional, legal, and equitable defenses to the forfeiture or

8  abandonment of the property in any proceedings, including, but not limited to, (1) constitutional

9  or statutory double jeopardy defenses and (2) defenses under the Excessive Fines or Cruel and

10  Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

11      l.  Agrees to the entry of an Order of Forfeiture of the property to the United

12  States;

13      m.  Waives the right to appeal any Order of Forfeiture;

14      n.  Agrees the property is forfeited to the United States;

15      o.  Agrees and understands the abandonment, the civil administrative

16  forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be

17  treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other

18  penalty the Court may impose upon defendant in addition to the abandonment or the forfeiture;

19      p.  Agrees and understands the USAO may amend the forfeiture order at any

20  time to add subsequently located property or substitute property pursuant to Fed. R. Crim. P.

21  32.2(b)(2)(C) and 32.2(e);

22      q.  Acknowledges that the amount of the forfeiture may differ from, and may

23  be significantly greater than or less than, the amount of restitution; and

24

r.   Agrees to take all steps as requested by the USAO to pass clear title of the property to the United States and to testify truthfully in any judicial forfeiture proceedings. Defendant understands and agrees that the property represents proceeds and/or facilitating property of illegal conduct and is forfeitable. Defendant shall provide the USAO with a full and complete financial disclosure statement under penalty of perjury within 10 days of executing the plea agreement. The financial statement shall disclose to the USAO all of assets and financial interests valued at more than $1,000. Defendant understands these assets and financial interests include all assets and financial interests that defendant has an interest, direct or indirect, whether held in defendant's name or in the name of another, in any property, real or personal. Defendant shall also identify all assets valued at more than $1,000 which defendant has transferred to third parties or diverted from defendant directly to third parties, since June 7, 2019, including the location of the assets and the identity of any third party.

s.   The defendant admits the property is (1) any visual depiction described in 18 U.S.C. §§ 2251 and 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B); (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from violations of 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B); and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B) or any property traceable to such property , and is subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(1), 2253(a)(2), and 2253(a)(3).

## XI. RESULT OF WITHDRAWAL OF GUILTY PLEAS
## OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTIONS

25.    <u>Consequence of withdrawal of guilty pleas</u>: Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

26.    <u>Consequence of vacatur, reversal, or set-aside</u>: Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the district court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement; (b) ask the district court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement; or (c) leave defendant's remaining convictions, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO, and that, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## XII. BREACH OF AGREEMENT

27.     Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

28.     Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.     Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

b.     If the Defendant does not plead guilty or withdraws his guilty plea, the facts set forth in Section V of this Plea Agreement shall also be admissible at a trial during the Government's case-in-chief.

## XIII. COURT AND UNITED STATES PROBATION
## AND PRETRIAL SERVICES OFFICE NOT PARTIES.

29.     Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30.     Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

31.     Defendant understands that even if the district court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to by the parties, or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

32.     The Defendant acknowledges that:

a.      Defendant read this agreement and defendant understands its terms and conditions.

b.      Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

c.      Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

d.    Defendant understands the terms of this agreement and voluntarily agrees to those terms.

e.    Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

f.    The representations contained in this agreement are true and correct, including the factual basis for defendant's offenses set forth in this agreement.

g.    Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

33.    Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty pleas knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

34.    Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the USAO, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

35.    Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

36.     Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charges and chooses to take advantage of the promises set forth in this agreement and for no other reason.

## XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

37.     The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

NICHOLAS A. TRUTANICH
United States Attorney

_____          2-20-20
ELHAM ROOHANI                             Date
Assistant United States Attorney


_____          2-20-20
ANDRES RAFAEL VIOLA                       Date
Defendant


_____          2-20-20
ROBERT DRASKOVICH                         Date
Attorney for Defendant VIOLA